Reese, J.
delivered the opinion of the court.
The prisoner was indicted and convicted in the Commercial *500 and Criminal Court of Memphis, for the crime of negro stealing, and has prosecuted his appeal in error to this court.
The indictment contains two counts; the one alledging the property of the negro man slave, the subject of the imputed larceny, to be in the general owner, the other in the hirer of the slave. The latter testified that he hired the slave in May, 1846, until the Christmas following; that about the 10th or 12th of August he was in the act of inflicting corporal punishment upon the slave, when he broke loose from him and ran away. He saw him run away; knew that he was not stolen from him. He sought diligently for the slave for three weeks within the Corporation of Memphis and its vicinity, and could hear nothing of him. He afterwards heard of him in the State of Mississippi. On the 28th of September, in the town of L'exington, Mississippi, two hundred miles from Memphis, the prisoner brought the slave with him in the stage coach and stopped at a tavern; he claimed the slave as his; he used no force to retain or art to conceal him.
One witness proves, that he saw the prisoner in Memphis, either the 3rd of September or the 19th of September; is not sure which.
This is the substance of all the testimony in the case. To establish the guilt of the prisoner, it is necessary to make’out in proof, not only that the slave was stolen by him, but stolen by him within the territorial jurisdiction of the Criminal Court of Memphis. There is no proof that the slave was stolen by any person or by the prisoner, either within or without the limits of said jurisdiction. In the first instance, it is positively proved, not only that he was not'stolen, but that he ran away, and, that after three weeks diligent search, could not be found or heard of in Memphis or its neighborhood. Nearly two months afterwards the slave is in possession of the prisoner, claiming him as his own, at Lexington, Mississippi, two hundred miles from Memphis.
What proof is there that the slave was stolen at all, or stolen by the prisoner within the jurisdiction of the Criminal Court? If it be said the slave was found in the possession of the prisoner, does that prove that he was stolen? That would be to *501 proceed upon the converse of that familiar and well settled principle of the criminal law, that when property is proved to have been stolen, and is afterwards found in any person’s possession, the onus of exculpation is thrown upon him, and he must account as to how he came into possession, or he will be presumed to be the thief. But where this presumption applies, a crime committed by some one is proved, and the presumption arising from possession does not establish the crime, but ascertains the criminal.
But in this case they find the prisoner in possession, from which it is concluded, the presumption arises that a crime has been committed; that the negro has been stolen, and that the prisoner is the thief. This principle of presumption has not the sanction of law or reason, and would be perilous to the safety of society.
The corpus delicti must be made out in some mode by positive or presumptive testimony, and then the presumption arising fiom possession will attach to the accused. These principles are illustrated in the case of Peter Tyner vs. The State, 5th Hum. 383, where if in any case the corpus delicti or crime might have been supposed inferable from the possession of the property and conduct of the criminal.
Upon the whole, we are of opinion, that the facts proved upon the record, do not justify and sustain the jury in the inferences which they must have deduced from them in order to the conviction of the prisoner. •
Let the judgment be reversed, and a new trial be had in the case.